Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
VINCE R. FLORES

ADR

E-filing

FILED Paid
2010 MAR -9 A 10: 25
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND/SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCE R. FLORES,<br><br>                Plaintiff,<br><br>v.<br><br>LEGAL RECOVERY LAW OFFICES, INC., a California corporation; and MARK D. WALSH, individually and in his official capacity,<br><br>                Defendants. | Case No.: CV10-00993 MEJ<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, VINCE R. FLORES, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### I. INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

///

# (continued)

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

6. This lawsuit should be assigned to the Oakland/San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

## V. PARTIES

7. Plaintiff, VINCE R. FLORES (hereinafter "Plaintiff"), is a natural person residing in Alameda County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

8. Defendant, LEGAL RECOVERY LAW OFFICES, INC. (hereinafter "LAW OFFICES"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 5030 Camino de la Siesta, Suite 340, San Diego, California 92108. LAW OFFICES may be served at the address of its Agent for Service of Process at: Legal Recovery Law Offices, Inc., c/o Richard Sitter, Agent for Service, 5030 Camino de la Siesta, Suite 340, San Diego, California 92108. The principal purpose of LAW OFFICES is the collection of debts using the mails and telephone, and LAW OFFICES regularly attempts to collect debts alleged to be due another. LAW OFFICES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

9. Defendant, MARK D. WALSH (hereinafter "WALSH"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, and/or director of LAW OFFICES at all relevant times. WALSH may be served at his current business address at: Mark D. Walsh, Legal Recovery Law Offices, Inc., 5030 Camino de la Siesta, Suite 340, San Diego, California 92108. WALSH is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

10. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

11. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by Capital One Bank (USA), N.A. (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

12. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

13. On or about July 27, 2009, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Alameda County captioned *Capital One Bank (USA), N.A. v. Vince R. Flores, et al.*, Case No. HG09464934 (hereinafter the "*Capital One v. Flores* complaint"), which sought to collect $3,064.77 in damages and pre-judgment interest at the rate of 28.99% per year from

1 | December 22, 2005.

14. A true and accurate copy of the *Capital One v. Flores* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

15. The *Capital One v. Flores* complaint (Exhibit "1") stated as follows:

> Within the past four (4) years, on or about Thursday, December 22, 2005, The Defendant(s) breached the agreement by failing to pay the Plaintiff. Defendant's last payment occurred on Thursday, December 22, 2005.

16. Capital One Bank (USA), N.A., is a national banking association with its principal offices located at: 4851 Cox Road, Glen Allen, Virginia 23060.

17. The Customer Agreement between Plaintiff and Capital One Bank (USA), N.A., states in relevant part as follows:

> Governing Law: WE MAKE THE DECISION TO GRANT CREDIT, OPEN AN ACCOUNT AND ISSUE YOU A CREDIT CARD FROM OUR OFFICES IN VIRGINIA. This Agreement is to be construed in accordance with and governed by the laws of the United States of America and by the internal laws of the Commonwealth of Virginia without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the laws of the United States of America or the internal laws of the Commonwealth of Virginia to the rights and duties of the parties. This Agreement is made in Virginia. It will be governed only by Federal law and Virginia law (to the extent not preempted by Federal law). If a court decides not to enforce a part of this Agreement, this Agreement will then read as if the unenforceable or invalid part were not there, but the remaining parts will remain in effect.

18. The Virginia statute of limitations for breach of a credit card agreement is three years. See, Va. Code Ann. § 8.01-246(4).

19. Capital One Bank (USA), N.A.'s claims against Plaintiff accrued more than three years prior to the filing of the *Capital One v. Flores* complaint (Exhibit "1"). See, e.g., *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991); *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1489 (M.D. Ala. 1987).

/ / /

20. The *Capital One v. Flores* complaint (Exhibit "1") stated as follows:

The Plaintiff sent to Defendant(s) monthly bills reflecting, inter alia, all charges incurred with the Account, the monthly payment due, and the total balance due. To the best of Plaintiff's knowledge and belief Defendant(s) did not ever send any disputes of the monthly bills or the charges reflected thereon. Where the debt at issue herein was a credit card, each monthly statement informed Defendant(s) of the duty to submit any disputes of the charges set forth in such statement, in writing, within sixty days from the date of the statement; and as such, Defendant(s)' failure to submit such disputes constitutes an admission of the account balance.

21. The *Capital One v. Flores* complaint (Exhibit "1") contains false, deceptive and misleading representations regarding Plaintiff's failure to dispute the account balance.

22. The *Capital One v. Flores* complaint (Exhibit "1") misrepresented the character and legal status of the debt.

23. The *Capital One v. Flores* complaint (Exhibit "1") bears the facsimile signature of Defendant, WALSH.

24. The *Capital One v. Flores* complaint (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by WALSH.

25. Plaintiff is informed and believes, and thereon alleges, that WALSH did not conduct a professional review of Plaintiff's account before filing the *Capital One v. Flores* complaint (Exhibit "1") and sending it to the Plaintiff. *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

26. Plaintiff is informed and believes, and thereon alleges, that the *Capital One v. Flores* complaint (Exhibit "1") misrepresented the role and involvement of legal counsel.

27. Plaintiff is informed and believes, and thereon alleges, that the *Capital One v. Flores* complaint (Exhibit "1") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants have filed

and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

### VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

30. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

31. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

32. Defendant, LAW OFFICES, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33. Defendant, WALSH, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

34. The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

35. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

    b. Defendants misrepresented the character or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c.    Defendants falsely represented or implied that attorney WALSH had reviewed Plaintiff's account when WALSH had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

    d.    Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

    e.    Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10); and

    f.    Defendants attempted to collect a debt that is barred by the applicable statute of limitations, in violation of 15 U.S.C. § 1692f.

36.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

37.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38.    Plaintiff brings the second claim for relief against Defendant, LAW OFFICES, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

39.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

40.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

41.    Defendant, LAW OFFICES, is a "debt collector" as that term is defined by the

1  RFDCPA, Cal. Civil Code § 1788.2(c).

2      42. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

    43. Defendant has violated the RFDCPA. The violations include, but are not limited to, the following:

    a. LAW OFFICES made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[1]

    b. LAW OFFICES misrepresented the character or legal status of the debt, in violation of Cal. Civil Code § 1788.17;[2]

    c. LAW OFFICES falsely represented or implied that attorney WALSH had reviewed Plaintiff's account when WALSH had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[3]

    d. LAW OFFICES falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[4]

    e. LAW OFFICES misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[5] and

    f. LAW OFFICES attempted to collect a debt that is barred by the applicable statute of limitations, in violation of Cal. Civil Code § 1788.17.[6]

    44. LAW OFFICES' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

    45. As a result of LAW OFFICES' violations of the RFDCPA, Plaintiff is entitled to

---

[1] 15 U.S.C. §§ 1692e and 1692e(10).
[2] 15 U.S.C. § 1692e(2)(A).
[3] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[4] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[5] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[6] 15 U.S.C. § 1692f.

an award of his actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

46. As a result of LAW OFFICES' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

47. As a result of LAW OFFICES' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17.[7]

48. As a result of LAW OFFICES' violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[8]

49. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

### VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692e(10) and 1692f;

c) Declare that LAW OFFICES violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;

d) Award Plaintiff his actual damages in an amount to be determined at trial, pursuant to 15

---

[7] 15 U.S.C.§ 1692k(a)(2)(A).
[8] 15 U.S.C.§ 1692k(a)(3).

- 10 -
COMPLAINT

U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[9]

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[10] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
VINCE R. FLORES

---

[9] 15 U.S.C. § 1692k(a)(2)(A).
[10] 15 U.S.C. § 1692k(a)(3).

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, VINCE R. FLORES, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

LRLO 535734-001

  619-275-4010 
*7713210*

1  Mark D. Walsh, Esq. SBN - 206059
2  LEGAL RECOVERY LAW OFFICES, INC.
   5030 CAMINO DE LA SIESTA STE 340
3  San Deigo, CA  92108
   800-785-4001
4  Fax: 619.275.4010

5  Attorney for Plaintiff

FILED
ALAMEDA COUNTY

JUL 27 2009


CLERK OF THE SUPERIOR COURT
By: _____
        Deputy

6             Superior Court of California, County of Alameda

7             Hayward Hall of Justice - LIMITED CIVIL

8  CAPITAL ONE BANK (USA) N.A.,                )  Case No.: HG09464934
                                                )
9                                               )  COMPLAINT FOR MONEY
              Plaintiff,                        )   1. Breach of Written Contract
10      vs.                                     )   2. Money Had and Received
                                                )   3. Account Stated
11 VINCE R FLORES, and Does 1 to 10             )
                                                )  [X] Amount demanded does not exceed $10,000
12                                              )  [ ] Amount demanded exceeds $10,000
                                                )  [ ] Amount demanded exceeds $25,000
13            Defendant(s)                      )
   _____)

FILE BY FAX

14      COMES NOW, Plaintiff, CAPITAL ONE BANK (USA) N.A., (hereinafter "Plaintiff") for all
15 action against all named Defendant(s), VINCE R FLORES, (hereinafter "Defendant(s)"), and each of
16 them, and each other Defendant sued as a DOE defendant hereunder, and hereby complains as follows
   upon information and belief:

17                                    **PARTIES**

18      1.  Plaintiff is now and was at all times mentioned herein either a corporation, a
19 partnership, or a sole proprietor in good standing, and is the rightful Plaintiff authorized to collect the
20 debt which is the subject of this action.

21      2.  Plaintiff is informed and believes, and on that basis alleges that at least one Defendant
22 is an individual who resides in the State of California.

23      3.  Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as
24 DOES 1 through 10 inclusive, and therefore sues these Defendants by such ficticious names. Plaintiff
25 will amend this Complaint to insert the true names and capacities of said Defendants when they are
26 ascertained. Plaintiff is informed and believes and thereon alleges that each of such fictitiously named
27 Defendants are indebted to Plaintiff as herein alleged, and that Plaintiff's rights against such
28 fictitiously named Defendants arise from such indebtedness.

COMPLAINT FOR MONEY - Page 1


EXHIBIT
I

LRLO 535734-001  619-275-4010  July 22, 2009

## JURISDICTION

4. This is the proper venue, superior court and court location for this action because the action involves an offer or provision of goods, services and/or credit intended for commercial use to be sold to the public primarily for personal, family or household use and at least one Defendant resides in this court's jurisdiction.

5. The causes of action hereinafter stated is a money demand.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6. Defendant(s) are over the age of 18 and indebted to Plaintiff for credit received through purchases/cash advances and/or monies loaned and received and furnished to the Defendant(s) by the Plaintiff, CAPITAL ONE BANK (USA) N.A., and all related finance charges and/or late fees incurred pursuant to the terms and conditions of the contract(s). This credit is identified by the Plaintiff as account #4862362518261576 (the "Account").

7. Defendant(s) agreed to pay these monies to the Plaintiff as provided for in the agreement between the parties. The terms and conditions under which Defendant(s) agreed to repay the Plaintiff for these monies are set forth in a written credit card and/or loan agreement between the parties. Defendant(s) indicated his/her/their/its consent to these terms either by an authorizing signature on the application and/or agreement or by Defendant(s) use of the credit instrument and monies provided by the Plaintiff assignor.

8. Credit card transactions are federally regulated under the Truth in Lending Act (TILA) 15 USC 1602. This Act is ratified under California Civil Code § 1747 et seq. Under TILA, a credit card plan means 'a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charges which may be computed from time to time.' 15 USC 1602 (i); emphasis added. An 'accepted credit card means any credit card which the cardholder has requested and received or has signed or has used.' 15 USC 1602 (l).

FILE BY FAX


1  As such, under federal law, the defendant is bound by the terms of a credit agreement proscribed by the
2  creditor upon use of said credit card plan. No signed application is required. 12 C.F.R. § 226.5a (a)(1).
3  This is reasonable given that the credit agreement itself must include certain disclosures and protections
4  afforded to the defendant. 12 C.F.R. § 226.5a (a)(2); Cal. Civil Code § 1748.11.

5  9.  Plaintiff has duly performed all conditions on their part, except the conditions and
6  covenants it was excused or prevented from performing. Despite Plaintiff's demand, Defendant(s) have
7  not repaid Plaintiff for the charges made and/or the monies loaned, in the amount of $3,064.77.

8  10.  Billing statements were mailed to the defendant. Under Federal and California law
9  concerning credit cards, periodic statements are required to disclose the pertinent facts including charges,
10 fees, and finances charges. 15 USC 1602 (i) and (j); 12 C.F.R. § 226.7; Cal. Civil Code § 1748.13. Both
11 Federal and California law also provides certain consumer rights to the debtor for billing errors. 12
12 C.F.R. § 226.13. These rights require that the defendant dispute a billing error in writing within 60 days
13 of receipt of the billing notice. Id at § 226.13(b); emphasis added; Cal. Civil Code § 1747.02(g). Plaintiff
14 is unaware of any unresolved dispute received in response to a billing statement.

15 11.  Within the past four (4) years, on or about Thursday, December 22, 2005, the
16 Defendant(s) breached the agreement by failing to pay the Plaintiff. Defendant's last payment occurred on
17 Thursday, December 22, 2005

18 12.  Plaintiff has made a demand for payment of monies owed, but defendant(s) has either
19 failed, refused or neglected to pay Plaintiff as agreed. Defendant(s) are, therefore, in default under the
20 terms of the party's agreement.

21 13.  No part of the above balance owed has been paid to date and said balance is now due and
22 owing from Defendant(s), together with interest thereon at contractual rate of 28.99%, from the date of
23 breach, plus reasonable attorney's fees and costs where allowed by law and according to proof.

FILE BY FAX

### FIRST CAUSE OF ACTION
### (Breach of Written Contract)
### (As Against All Defendants)

26 14.  Plaintiff sets forth by reference as though fully set forth below each and every allegation of
27 paragraph 1-11 of this Complaint.

28

COMPLAINT FOR MONEY - Page 3

15. The Plaintiff and Defendant(s) entered into a written contract(s) wherein at the request of Defendant(s), the Plaintiff extended credit and/or provided financing to the Defendant(s). In return, Defendant(s) agreed to make monthly minimum payments in accordance with the terms and conditions of the contract.

16. The Plaintiff sent to Defendant(s) monthly bills reflecting, inter alia, all charges incurred with the Account, the monthly payment due, and the total balance due. To the best of Plaintiff's knowledge and belief Defendant(s) did not ever send any disputes of the monthly bills or the charges reflected thereon. Where the debt at issue herein was a credit card, each monthly statement informed Defendant(s) of the duty to submit any disputes of the charges set forth in such statement, in writing, within sixty days from the date of the statement; and as such, Defendant(s)' failure to submit such disputes constitutes an admission of the account balance.

17. Between the date of the aforementioned contract(s) to the present, Defendant(s) breached said contract(s), by ceasing or failing to make the minimum payment due on the Account.

18. No part of the principal sum of $3,064.77 has been paid to date and said sum is now breached due and owing by Defendant(s) to the Plaintiff.

19. As a direct and proximate result of Defendant'(s) breach of said written contract, Plaintiff has been damaged in the above stated sum with interest thereon at the contractual rate of 28.99% from the date of breach plus reasonable attorney's fees and costs where allowed by law and according to proof.

**SECOND CAUSE OF ACTION**

**(Money Had and Received)**

**(As Against All Defendants)**

20. Plaintiff sets forth by reference as though fully set forth below each and every allegation of paragraph 1 through 19 of this Complaint.

21. Defendant(s) received and used and/or authorized the use of the credit knowing that the Plaintiff expected to be repaid for all charges incurred, together with interest thereon. With each use of the credit, the Plaintiff paid money on Defendant(s)' behalf to the merchant with whom the credit was used. Defendant(s) are liable for repayment of such sums under the doctrine of money had and received.

FILED BY FAX

LRLO 535734-001   619-275-4010   July 22, 2009

22. Plaintiff is entitled to recover from Defendant(s) the sum of $3,064.77, together with interest thereon at the contractual rate of 28.99% from the date of breach.

### THIRD CAUSE OF ACTION
### (Account Stated)
### (As Against All Defendants)

23. Plaintiff sets forth by reference as though fully set forth below each and every allegation of paragraph 1 through 22 of this Complaint.

24. The Account(s) was stated in writing by and between the Plaintiff and Defendant(s) and on such statements a balance(s) of $3,064.77 was ultimately stated as due and owing. However, Defendant(s) has not paid the amount owing as agreed.

25. There is now due, owing, and unpaid from Defendant(s) to Plaintiff the above stated balance owed for purchases, cash advances and/or monies loaned, and finances charges and/or late fees incurred pursuant to the terms and conditions of the contract(s).

26. Plaintiff alleges that there is an Account(s) stated by operation of law wherein the Plaintiff billed Defendant(s) for the credit balance and received no objection to it.

27. No part of the above balance owed has been paid and said amount is now due and owing from Defendant(s) to Plaintiff, together with interest thereon at the contractual rate of 28.99% from the date of breach.

WHEREFORE, Plaintiff prays for judgment against Defendant(s), and each of them, as follows:

1. For the balance owed in the amount of $3,064.77;

2. For interest according to proof, at the contractual rate of 28.99% from the date of breach;

3. For reasonable attorney's fees according to proof, or in accordance with this court's default schedule if a default is obtained;

4. For costs of suit incurred herein; and

5. For such other and further relief as the court may deem proper.

FILE BY FAX

Dated: July 22, 2009



Mark Walsh, Esq.
Attorney for Plaintiff

COMPLAINT FOR MONEY - Page 5

LRLO 535734-001  619-275-4010 

1  Mark D. Walsh, Esq. SBN - 206059
2  LEGAL RECOVERY LAW OFFICES, INC.
   5030 CAMINO DE LA SIESTA STE 340
3  San Deigo, CA 92108
   800-785-4001
4  Fax: 619.275.4010
5
6  Attorney for plaintiffs
7
8              Superior Court of California, County of Alameda
9              Hayward Hall of Justice - LIMITED CIVIL
10
11 CAPITAL ONE BANK (USA) N.A.        )   Case No.:  HG09464934
12         plaintiffs,                )
                                      )   AFFIDAVIT OF VENUE
13         vs.                        )
14 VINCE R FLORES, and Does 1 to 10   )
                                      )
15                                    )
16         Defendant(s)               )

F I L E D
ALAMEDA COUNTY
JUL 27 2009
CLERK OF THE SUPERIOR COURT
By _____ Deputy

FILE BY FAX

17 I, the undersigned, declare as follows:

18      1.   I am an attorney at law duly licensed to practice before all the courts of the State of
19 California and am an attorney with Legal Recovery Law Offices, Inc., attorney of record for plaintiffs in
20 the above entitled action. I am familiar with the facts set forth herein and, if called as a witness, I could
21 and would competently testify thereto.

22      2.   This is the proper jurisdiction for this action because this action involves an offer of
23 provisions of goods, services and/or credit intended for commercial use to be sold to the public primarily
24 for personal, family or household use and at least one defendant resides in this court's jurisdiction.

25      I declare under penalty of perjury under the laws of the State of California that the foregoing is
26 true and correct.

27
28 Dated: July 22, 2009

_____
Mark Walsh, Esq.
Attorney for plaintiffs

AFFIDAVIT OF VENUE - Page 1