IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VINCE R. FLORES,

        Plaintiff,

    v.

LEGAL RECOVERY LAW OFFICES, INC., and MARK D. WALSH,

        Defendants.

NO. C10-0993 TEH

ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRY OF DEFAULT AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On August 18, 2010, this Court stayed consideration of Plaintiff's motion for default judgment pending determination of whether the Clerk's entry of default should be set aside. Because the parties were apparently engaged in settlement discussions prior to the entry of default and the amount claimed was relatively small – $3000 in statutory damages and approximately $6000 in attorneys' fees – the Court also ordered the parties to meet and confer in good faith to attempt to settle this case without further litigation.

The parties were unable to do so, and Defendants' timely filed motion to set aside entry of default is now before the Court. After carefully considering the parties' written arguments, the Court finds oral argument to be unnecessary and VACATES the hearing scheduled for October 4, 2010. The Court GRANTS Defendants' motion to set aside entry of default for the reasons set forth below and DENIES Plaintiff's motion for default judgment as moot.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." In determining whether a party seeking to set aside default has

established good cause, a court considers three factors: (1) whether the party's culpable conduct led to the default; (2) whether the party has a meritorious defense; and (3) whether reopening the case would prejudice the opposing party. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). These factors are "disjunctive," so a court is "free to deny the motion if any of the three factors [is] true." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104 1108 (9th Cir. 2000) (citing *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991)).

A court has "especially broad" discretion to consider whether entry of default should be set aside. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). When exercising its discretion under Rule 55, the court's "underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

**DISCUSSION**

In this case, the Court finds good cause to set aside the entry of default for the reasons discussed below. First, although Defendants may have been negligent in failing to file a timely answer, the Court does not find their conduct to be culpable enough to warrant denial of their motion to set aside default. Defendants do not dispute that their answers were due on May 10, 2010. On May 13, Plaintiff e-mailed Defendants asking if answers would be filed or if Plaintiff should move for entry of default. Defendants responded the following day requesting a settlement offer, which Plaintiff sent five days later, on May 19. Defendants responded the following day, stating that they were working on a reply to the settlement offer and asking for agreement on a two-week extension to respond to the complaint. In the Court's experience, it is not atypical for parties to stipulate to continue the deadline for defendants to answer while settlement discussions are ongoing, but Plaintiff refused the

2

requested extension and agreed to give Defendants only until the following day, May 21.[1] No answers were filed, and Plaintiff filed a motion for entry of default on May 22. Defendants' declarations explain that this case then fell through the cracks and inadvertently was not assigned to outside counsel until June. After outside counsel received the case, he promptly contacted Plaintiff to attempt to stipulate to set aside the entry of default, but Plaintiff failed to respond to this request and instead filed a motion for default judgment. This history does not reveal the sort of bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," that has been found to constitute culpable conduct. *TCI Group*, 244 F.3d at 697.

The Ninth Circuit has elsewhere stated that "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). However, Plaintiff has cited no authority, and this Court is aware of none, that establishes that actual notice and failure to answer *requires* a district court to allow a default to stand any time a plaintiff can demonstrate that the defendant received actual or constructive notice and failed to answer. Indeed, the *Meadows* court concluded only that the district court's finding of culpable conduct was not an abuse of discretion, *id.*, which is far different from saying that the district court would have abused its discretion had it reached a contrary finding.

In addition, while Defendants could certainly have been more diligent, part of the delay in this case rests with Plaintiff. According to Plaintiff's counsel's billing records, attached as Exhibit B to the Schwinn declaration filed on July 26, 2010, in support of Plaintiff's motion for default judgment, Plaintiff's counsel told Defendants' representative by telephone on April 27, 2010, that he would send a settlement offer once Defendants' waiver of service was received. Counsel reviewed the waiver of service on April 29, but no settlement offer was sent until May 19. Had a settlement offer been sent earlier, it is possible

---

[1] This e-mail correspondence is attached as Exhibits D-F to the supplemental Schwinn declaration filed on August 16, 2010, in support of Plaintiff's reply to his motion for default judgment.

3

that settlement either would have been completed, or broken down and answers filed, prior to the May 10 deadline to answer.

Put simply, the Court does not find these to be "extreme circumstances" under which a default judgment would be appropriate. *Falk*, 739 F.2d at 463.

Nor do the remaining two factors weigh in favor of allowing the entry of default to stand. As to the meritorious defense factor, a "defendant seeking to vacate a default judgment must present specific facts that would constitute a defense," but this burden "is not extraordinarily heavy." *TCI Group*, 244 F.3d at 700. Alleging facts that would support a defense is sufficient, and "the question whether the factual allegation was true would be the subject of the later litigation." *Id.* Here, Defendants have presented sufficient allegations to support a defense based on the relevant statute of limitations and Defendant Walsh's personal involvement in the lawsuit filed by Capital One against Plaintiff that forms the underlying basis for this litigation.

To deny a motion to set aside default based on prejudice, "the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'" *Id.* at 701 (quoting *Falk*, 739 F.2d at 463). "[T]o be considered prejudicial, 'the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion.'" *Id.* (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). No such prejudice is present here. Defendants attempted to reach a stipulation with Plaintiff less than one month after default was entered, and they filed this motion a few weeks later. Plaintiff does not contend that any evidence has been lost; instead, he contends that he will be prejudiced by delay. However, as explained above, delay alone does not establish prejudice in this context.

Finally, Plaintiff asks the Court to award attorneys' fees as a sanction if the Court grants Defendants' motion to set aside the entry of default. In particular, Plaintiff seeks compensation for time spent preparing his motion for default judgment and reply in support thereof. The Court does not find such sanctions to be warranted in this case. Defendants

4

could clearly have been more diligent, but the Court does not find Defendants' or their counsel's conduct to be particularly egregious. Moreover, Plaintiff might also have saved the expense of seeking default judgment if counsel had met and conferred with Defendants' counsel instead of ignoring Defendants' request for a stipulation to set aside the entry of default.

**CONCLUSION**

In short, for the reasons discussed above, Defendants' motion to set aside the entry of default is GRANTED. The defaults entered against both Defendants Legal Recovery Law Offices, Inc. and Mark D. Walsh are set aside, and Plaintiff's motion for default judgment is therefore DENIED as moot. Defendants shall file answers to the complaint on or before **September 30, 2010.**

IT IS FURTHER ORDERED that the parties shall appear for a case management conference on **November 15, 2010, at 1:30 PM.** The parties shall meet and confer and file a joint case management statement on or before **November 8, 2010.**

**IT IS SO ORDERED.**

Dated: 09/23/10

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

5